GARRISON, Judge.
On July 24, 1982, plaintiff-appellant Maria Rico was injured while in the course and scope of her employment as a custodian for the French Market Corporation and City of New Orleans. The City of New Orleans paid Mrs. Rico's medical expenses and worker’s compensation from the time of her injury until December of 1984. The City discontinued these payments upon the opinion of medical experts that there was no objective reason for Mrs. Rico’s complaints of debilitating dizziness. The plaintiff filed suit alleging that she suffered from labyrinth dysfunction (a disorder of the inner ear), or had psychologically manifested the symptoms of such, as a result of the aforementioned work related accident.
After trial on the merits, the court below rendered judgment for the City of New Orleans and the French Market Corporation. The trial court stated in its reasons for judgment that while the evidence may have indicated that Mrs. Rico suffered from labyrinth dysfunction as a result of the July 24th injury, no medical evidence presented at trial showed that Mrs. Rico presently suffers from this ailment and a plaintiff must establish her claim by a pre-pronderence of evidence. The trial court held as a matter of law that plaintiff had failed to prove her claim by a preponderence of the evidence.
Due to the fact that this injury occurred in 1982, we must apply the worker’s compensation law as it existed prior to the 1983 amendments. The jurisprudential rule held that “a judgment for total permanent disability should be awarded when the claimant is shown to be totally disabled at the time of trial and the duration of such disability is indefinite or the evidence does not clearly indicate its duration.” Walker v. Gaines P. Wilson & Son, Inc. 340 So.2d 985 (La.1976). Mazoch v. Employers Casualty Co., 514 So.2d 1184 (La.App. 1st Cir.1987), writ denied, 517 So.2d 812 (La.1988).
An employee’s disability is presumed to have resulted from an accident if prior to the accident, the individual was in good health but, commencing with the accident, the symptoms of the disability appear and continuously manifest themselves after such accident, providing that “the nature of the accident, when combined with other facts of the case, raise a natural inference through human experience of such a causal connection.” Walton v. Normandy Village Homes Assoc., Inc., 475 So.2d 320 (La.1985); Dickerson v. Zurich-American Ins. Co., 479 So.2d 571 (La.App. 1st Cir.1985). The statute as amended overruled this principle and now requires the employee to prove his total disability is permanent “by clear and convincing evidence unaided by any presumption of disability”. LSA-R.S. 23:1221(2)(c).
In the case at hand, it is not disputed that the plaintiff did in fact suffer a work related injury in July of 1982. It is also uncontested that this injury caused her, at least initially, to manifest labyrinth disorder. The complaints made by Mrs. Rico at trial were identical to those made continuously and consistently since her accident. The trial judge notes in his reasons for judgment that he did not believe that Mrs. Rico was untruthful in her complaints of continuing dizziness and he felt that she was, at the time of trial, experiencing “disabling symptoms related to her on the job accident”. He stated in supplemental reasons for judgment as follows:
Nothing in this Court’s reasons for judgment of 27 December 1988 should be interpreted to imply that Mrs. Rico was not anything but truthful in her statements that she continues to experience disabling symptoms related to her on the job accident. Rather, this Court has noted no evidence of a medical or quasi-medical nature that accounts for her continuing complaint.
In the light of the worker’s compensation law as it existed at the time of the plaintiff’s injuries, we find that the plaintiff met her burden of proof establishing a presumption of a causal relationship between her disability and the accident at work. As the plaintiff in this case established the presumption that her current disabilities *892 are related to the aforementioned accident, the employer is required to prove that it is more probable than not that the work related injury did not cause this disability. Walton, supra; Mazoch v. Employers Cas. Co., supra. The French Market Corporation and the City of New Orleans did not meet this burden of proof. Dr. Correa stated that the plaintiffs current symptoms were the “persistence of the previously documented labyrinth injury.” Dr. Carey testified that although he could find no clinical damage, he felt that Mrs. Rico had true vertigo due to her head injury at work and may have sustained some undetectable labyrinth damage. Although labyrinth dysfunction was not detected clinically at the time of trial, we find that the evidence presented was not sufficient to overcome the presumption that her disability arose from the work related accident.
For the reasons stated above, we reverse the judgment of the trial court and find for the plaintiff, Maria Rico, on the basis of the law applicable to this case. We remand this case to the trial court for computations of the past worker’s compensation due plaintiff consistent with this judgment.
REVERSED AND REMANDED.